UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

RASHAAN RICHARDS
    a/k/a "Jay Dee,"
    a/k/a "JD,"
    a/k/a "Payso,"

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

22 Cr. 514 (PGG)

        WHEREAS, on or about September 27, 2022, RASHAAN RICHARDS a/k/a "Jay Dee", a/k/a "JD," a/k/a "Payso," (the "Defendant") among others, was charged in a five-count sealed Indictment, 22 Cr. 514 (PGG) (the "Indictment"), with conspiracy to commit access device fraud, in violation of Title 18, United States Code, Section 1029(b)(2) (Count One); access device fraud, in violation of Title 18, United States Code, Sections 1029(a)(5), 1029(c)(1)(A)(ii), and 2 (Count Two); conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2 (Count Four); and conspiracy to steal mail while employed as a postal employee, in violation of Title 18, United States Code, Section 371 (Count Five);

        WHEREAS, the Indictment included, *inter alia,* a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), of any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of the offenses charged in Counts One and Two of the Indictment, and any and all personal property used or intended to be used to commit the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of

proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about September 29, 2022, the Government seized property from the Defendant's residence at the time of his arrest, including but not limited to the specific property listed in Attachment A attached hereto (the "Specific Property");

WHEREAS, on or about 9/27/23, the Defendant pled guilty to Counts One and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C), any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment; and

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $536,434.01 United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with (i) his co-defendant Fabiola Mompoint ("Mompoint") for the $91,456 forfeiture money judgment entered against her by this Court on May 16, 2023 and (ii) his co-defendants Johnny Damus, Kareem Shepherd, Devon Richards, Conrad Heron, Louis Jeune Verly, Nathanael Foucault, and Johnathan Persaud (collectively, the

"Co-defendants") to the extent forfeiture money judgments are entered against the Co-defendants in this case for the offense charged in Count One of the Indictment;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property which constitutes proceeds of the offense charged in Count One of the Indictment and/or property used or intended to be used to commit the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained and property involved in the offense charged in Count One of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Ashley C. Nicolas, Chelsea L. Scism, and Madison Reddick Smyser, and the Defendant, and his counsel, Paul Petrus, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $536,434.01 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense

charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with (i) Mompoint for the $91,456 forfeiture money judgment entered against her by this Court on May 16, 2023 and (ii) his Co-defendants, to the extent forfeiture money judgments are entered against the Co-defendants in this case for the offense charged in Count One of the Indictment, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, RASHAAN RICHARDS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          9/27/23
    Ashley C. Nicolas                          DATE
    Chelsea L. Scism
    Madison Reddick Smyser
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2467/-2105/-2381


RASHAAN RICHARDS

By: _____          9/27/23
    RASHAAN RICHARDS                         DATE


By: _____          9/27/23
    PAUL PETRUS, ESQ.                        DATE
    Attorney for Defendant


SO ORDERED:

_____              Sept. 27, 2023
HONORABLE PAUL G. GARDEPHE                   DATE
UNITED STATES DISTRICT JUDGE

**Attachment A**

<u>Seized from Rashaan Richards' Residence in Brooklyn, NY on or about September 29, 2022:</u>

One Hermes Clic Orange Bracelet
Four Cartier Pink Gold Bracelets
$8,600.00 in United States currency from the Living Room
$26,600.00 in United States currency from a safe
$200.00 in United States currency from the Kitchen
Eleven Paris Graphic White T-Shirts M
Barbour Black Jacket L
Borbour Black Wax Jacket M
Borbour Olive Green Quilted jacket M
Borbour Blue Quilted Jacket M
Borbour Quilted Vest- Green S
Borbour Quilted Vest - Blue M
Bourbour Plaid Shirt M
Bourbour Black Olive Wax Jacket L
Bourbour Black Wax Jacket L
2x Mens Polo Camo Jacket M
Mens Polo Camo Hoodie S
Polo RL Tan Jacket S
Scotch & Soda Admer Knitted Gray Sweater L
Helmut Lang Sweater Brown S
Polo RL Quilted Blue Jacket L
Polo RL Corduroy Cap
Agolde Female gray Ribbed Shirt S
Agolde Female Washed Black Jeans Size 24
Karl Lagerfeld Polo Shirt White M
Graham & Spencer Blue Hoodie L
Polo RL Tan Jacket S
DKNY Quilted Jacket Black/Silver M
Three (3) Louis Vuitton Storage Cases
Bourbour Wax jacket - Olive M
Bourbour Wax Jacket - Black XXL
Bourbour Wax Jacket - Olive L
Boiurbour Wax Jacket - Navy S
Bourbour Plaid Shirt M
Bourbour Wax Jacket - Black S
Barbour Wax Jacket - Olive XXL
Long Sleeve Red Shirt S
Weatherproof Love Sleeve Orange S
Barbour Wax Jacket - Black L
Barbour Wax Jacket - Olive XXL
Weatherproof Hooded Vest - Olive

Attachment A – Page 2

Givenchy Mallow Shoe - Beige/Brown Size 43
Givenchy Mallow Shoe - Black Size 44
Goyard Vanity Case Orange
Burberry Plaid Hat L
Goyard Handbag Blue
Rings - Individual Property
Chanel Classic Flapbag Caviar Black Medium
Two (2) Louis Vuitton Black Mini Wallet Bags
Gucci Bone Bag
Louis Vuitton Wallet Dark Brown
Louis Vuitton Wallet Sarah lt. Brown
Gucci Bone Bag
Gucci Bag Black
Gucci Bag Black
Gucci Bone Bag
Chanel Boy Bag Flapbag Black S
Chanel Flapbag Black S
Gucci wallet bag Black S
Hermes Women's Wool Sandal - Orange 36
Two Pairs of Cartier Glasses